1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    OSBERT AYENI-AARONS,                    No.  2:18-cv-01625-MCE-KJN

12                 Plaintiff,

13          v.                                **ORDER**

14    BEST BUY CREDIT
      SERVICES/CBNA, et al.,
15
                 Defendants.
16

17

18          The Court granted Defendant Citibank, N.A.'s ("Citibank") Motion to Compel

19    Arbitration almost four years ago in August 2019.  See ECF No. 53.  On April 19, 2023,

20    the parties' Joint Status Report stated that arbitration had not yet commenced because

21    Plaintiff Osbert Ayeni-Aarons ("Plaintiff") and Citibank disagreed on who should initiate it.

22    See ECF No. 81.  The Court admonished both parties for the immense delay and

23    ordered that Plaintiff initiate arbitration since it was his case.  See ECF No. 82.  Plaintiff

24    was given thirty (30) days to initiate arbitration and warned that his "failure to comply with

25    this Order will result in the imposition of sanctions for failure to prosecute and/or to

26    comply with the applicable rules and orders of this Court without further notice."  Id.

27          On June 21, 2023, approximately two and a half weeks beyond the thirty-day

28    deadline, Citibank filed a status report stating that it had "not been served with an

                                              1

1    arbitration demand[,]" and thus requesting that it be dismissed from the case.  ECF

2    No. 84, at 2 ("Counsel for Citibank has reached out to JAMS and AAA and neither

3    arbitration organization has any record of an arbitration filed by Plaintiff against

4    Citibank.").  To date, Plaintiff has not filed any response.

5         Eastern District of California Local Rule 110 provides that the "[f]ailure of counsel

6    or of a party to comply with these Rules or with any order of the Court may be grounds

7    for imposition by the Court of any and all sanctions authorized by statute or Rule or

8    within the inherent power of the Court."  "District courts have inherent power to control

9    their dockets" and "[i]n the exercise of that power they may impose sanctions including,

10   where appropriate, default or dismissal."  Thompson v. Housing Auth. of City of L.A.,

11   782 F.2d 829, 831 (9th Cir. 1986).  Prior to dismissing an action, however, this Court

12   must consider the following:  "(1) the public's interest in expeditious resolution of

13   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

14   defendants; (4) the public policy favoring disposition of cases on their merits[;] and

15   (5) the availability of less drastic sanctions."  Id.

16        Having considered each of the above factors, the Court finds dismissal of this

17   action as to Citibank only is warranted.  Plaintiff's inability to initiate arbitration in almost

18   four years and even after the issuance of a court order strongly suggests that he does

19   not want to pursue his claims against this Defendant.  As for the risk of prejudice to

20   Citibank (and even the other Defendants in this case), "[t]he law presumes injury from

21   unreasonable delay."  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).

22   Plaintiff has had years to initiate arbitration and the Court even gave Plaintiff extra time

23   beyond the thirty-day deadline to do so.  The Court warned Plaintiff that failure to comply

24   would result in sanctions, but Plaintiff still chose not to act.

25        Because Plaintiff has failed to prosecute this action against Citibank and has

26   failed to comply with the Court's order, this action is hereby DISMISSED without

27   prejudice as to Citibank only.  Not later than fourteen (14) days from the issuance of this

28   Order, the remaining parties shall file a joint status report with the Court as to the status

of this case and the underlying state court case against Defendant Best Buy Co., Inc.

Because the entire case was stayed pending the arbitration which never occurred, that

stay is now LIFTED.

IT IS SO ORDERED.

Dated:  July 5, 2023

_____

MORRISON C. ENGLAND, JR

SENIOR UNITED STATES DISTRICT JUDGE