UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSBERT AYENI-AARONS, | No. 2:18-cv-01625-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| BEST BUY CREDIT CARD SERVICES CBNA, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Osbert Ayeni-Aarons' ("Plaintiff") Motion to File a Third Amended Complaint ("TAC"). ECF No. 45. Defendant Trans Union, LLC, filed a statement of non-opposition, ECF No. 47, whereas Defendant Best Buy Co. ("Best Buy") filed an opposition to the Motion.[1]  ECF No. 48. For the following reasons, Plaintiff's Motion is GRANTED.[2]

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a),[3] which provides that "[t]he court should freely give leave [to amend] when justice so

---

[1] Defendant Experian did not file an opposition or any response to the present Motion. Former Defendant Citibank, N.A., filed an opposition, ECF No. 50, but it has since been dismissed from the case. See ECF No. 85.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

requires." Fed. R. Civ. P. 15(a)(2).  The Court considers five factors in determining whether to permit an amendment to the complaint under Rule 15(a):  (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether the movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party; and (5) whether the amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Whether amendment will unduly prejudice the opposing party is the most important factor in a court's analysis under Rule 15(a).  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  If the movant articulates a reason why amendment is needed, the "burden then shifts to the opposing party to persuade the court that 'justice' requires denial."  Stoddart v. Express Servs., Inc., No. 2:12-cv-01054-KJM-CKD, 2015 WL 1812833, at *2 (E.D. Cal. Apr. 20, 2015).

The operative Second Amended Complaint is five pages and lists three causes of action under (1) the federal Civil Rights Act, 42 U.S.C. § 1982; (2) the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq.; and (3) the Fair Credit Reporting Act, id. §§ 1681 et seq.  See ECF No. 23.  In contrast, the proposed TAC is 15 pages and, in addition to the three aforementioned claims, asserts four new causes of action under (1) the federal Civil Rights Act, 42 U.S.C. § 1981; (2) id. § 1985(c);[4] (3) the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.1 et seq.; and (4) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO").  See ECF No. 45-1.

In his Motion, Plaintiff does not provide any explanation as to why these amendments are needed, but instead asserts that the Court should grant leave to amend in light of the liberal policy favoring amendment.  See ECF No. 45-2.  With that said, the allegations and causes of action set forth in the proposed TAC are still based

---

[4] There is no subsection (c) in the statute, but it is likely that Plaintiff was referring to subsection (3).  See 42 U.S.C. § 1985.

on the same laptop transaction underlying previous iterations of the Complaint.  As a result, the Court does not find that Plaintiff is acting in bad faith or that these new additions will unduly prejudice Defendants.

Best Buy primarily argues that the additional causes of action are futile because they are inadequately pleaded.  See ECF No. 48, at 5–7 (arguing that "there are absolutely no allegations of any complicity with the state," Best Buy is not a "consumer credit reporting agency," and that Plaintiff fails to plead his RICO claim with particularity).  For purposes of this Motion, the Court declines to consider such arguments.  Although Best Buy's arguments concerning the sufficiency of Plaintiff's proposed causes of action may have merit, they should be advanced in a fully briefed motion to dismiss under Rule 12.  See Anthony v. Harmon, No. 2:09-cv-02272-MCE-KJM, 2010 WL 4720889, at *2 (E.D. Cal. Nov. 17, 2010) (explaining that "courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.") (citation omitted); Lillis v. Apria Healthcare, No. 12-cv-52, 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012) (same).

For the foregoing reasons, Plaintiff's Motion to File TAC, ECF No. 45, is GRANTED.  Not later than three (3) days following the date this Order is electronically filed, Plaintiff shall refile his TAC on the docket.  The Clerk of Court is also directed to issue this Court's Initial Pretrial Scheduling Order.

IT IS SO ORDERED.

Dated:  August 7, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE