UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSBERT AYENI-AARONS,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY CREDIT CARD SERVICES/CBNA, et al.,<br><br>Defendants. | No.  2:18-cv-01625-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Defendant Best Buy Co., Inc.'s ("Defendant") Motion to Dismiss Plaintiff Osbert Ayeni-Aarons' ("Plaintiff") Third Amended Complaint ("TAC").[1] ECF No. 93 ("Def.'s Mot."). This matter has been fully briefed. ECF Nos. 96 ("Pl.'s Opp'n"), 97. For the following reasons, Defendant's Motion is GRANTED in part and DENIED in part.[2]

///

///

---

[1] Defendants Trans Union, LLC, and Experian Information Solutions, Inc., elected to file Answers to the TAC. ECF Nos. 91–92. Defendant Best Buy Credit Card Services/CBNA has not yet appeared in this action.

[2] Because oral argument would not have been of material assistance, the Court declined to set this matter for a hearing and decides this Motion on the briefs. E.D. Local Rule 230(g).

1

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. First, Second, and Third Causes of Action: Violations of the Federal Civil Rights Act, 42 U.S.C. §§ 1981, 1982, and 1985(3)[4]

Defendant seeks to dismiss the federal civil rights causes of action under the doctrine of claim-splitting because Plaintiff also has a pending state court case against

---

[4] The TAC lists this cause of action under § 1985(c), but there is no subsection (c). See generally 42 U.S.C. § 1985 (subsections listed in numbers). The Court assumes that Plaintiff intended to bring this claim under § 1985(3).

3

Defendant involving the same laptop transaction. See Def.'s Mot., at 5–6 ("Just as in this lawsuit, Plaintiff alleges [in the state court action] that [Defendant] discriminated against him in the manner it handled Plaintiff's attempted return/exchange, based on his race and ethnic background."). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds, Taylor v. Sturgell, 553 U.S. 880 (2008)) (emphasis added). Based on this language, courts have routinely held that "[t]he claim-splitting doctrine does not apply where one of the actions was filed in state court and the other in federal court[.]" Almaznai v. S-L Distrib. Co., LLC, No. 20-cv-08487-JST, 2021 WL 4457025, at *5 n.5 (N.D. Cal. June 21, 2021) ("Two actions are in the 'same court' within the meaning of the claim-splitting doctrine when both were filed in federal court.") (collecting cases); see also Travelers Indem. Co. of Conn. v. Newlin, 498 F. Supp. 3d 1262, 1280–81 (S.D. Cal. 2020) ("Claim splitting applies only to duplicative cases involving concurrent jurisdiction within federal court, and does not apply in this case, involving concurrent jurisdiction between state and federal court.") (collecting cases).[5]

Alternatively, Defendant contends that § 1985(3) does not apply to it "because it is neither a person, nor a state actor or acting in complicity with the state." Def.'s Mot., at 6. Plaintiff does not address these contentions in his Opposition brief, but regardless, Defendant is incorrect. "[U]nlike § 1983, § 1985(3) was intended to reach 'private conspiracies aimed at interfering with rights constitutionally protected against private, as well as official, encroachment.'" Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998) (quoting United Bhd. of Carpenters v. Scott, 463 U.S. 825, 833 (1983)). "This rule is subject to an exception: a conspiracy to violate First Amendment rights does not violate

---

[5] The Ninth Circuit has also affirmed this principle albeit in unpublished memorandum dispositions. See, e.g., Henderson v. Bonaventura, 649 F. App'x 639, 641 (9th Cir. May 13, 2016) ("The district court abused its discretion in applying the anti-claim-splitting doctrine . . . [where the plaintiff] filed one complaint in state court and another in federal court."); Sanzaro v. Ardiente Homeowners Ass'n LLC, 513 F. App'x 646, 647 (9th Cir. Mar. 20, 2013) ("Dismissal of the [plaintiffs' claim] as duplicative of a state court action was improper because the other action is not in the same court as the present action . . .").

Section 1985(3) 'unless there is state involvement or the conspiracy's aim is to influence state activity.'" Quang Thai v. Mirad Fin. Grp., No. CV 17-9217 AB (FFM), 2018 WL 4732214, at *3 n.2 (C.D. Cal. July 30, 2018) (quoting Scott, 140 F.3d at 1284).  Thus, a state actor or state action is not required, and the exception is not applicable given that Plaintiff does not allege a First Amendment claim.  Furthermore, Defendant has not cited any case for the proposition that an entity like itself is not a person under § 1985(3), and the Court is unaware of any.  See Def.'s Mot., at 6 (citing Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005) (finding the plaintiff could not assert a claim under § 1985 against a state entity)).  Accordingly, Defendant's Motion to Dismiss the First, Second, and Third Causes of Action is DENIED.

### B. Fourth, Fifth, and Sixth Causes of Action:  Violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); California's Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.1 et seq. ("CCRAA"); and Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 et seq. ("ECOA")

Defendant argues dismissal of these causes of action is warranted because it is a retailer, not a "consumer reporting agency" under the FCRA, a "consumer credit reporting agency" under the CCRAA, or a "creditor" under the ECOA.  See Def.'s Mot., at 7–8.  Under the FCRA,

> "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).  Similarly, the CCRAA defines

> "[c]onsumer credit reporting agency" [as] any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes.

Cal. Civ. Code § 1785.3(d).  Lastly, a "creditor" under the ECOA "means any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit."  15 U.S.C. § 1691a(e).

Plaintiff seemingly concedes that Defendant does not meet any of these definitions but instead argues that Defendant is liable because it acted in concert with Citibank to commit the alleged violations.  See Pl.'s Opp'n, at 6–7.  However, the Court is unaware of any cases extending liability on such a theory under these laws.  Plaintiff merely cites cases that recite general language about conspiracy and acting in concert, none of which specifically or definitively support his position.  See id.  Accordingly, the Fourth, Fifth, and Sixth Causes of Action are DISMISSED.

### C. Seventh Cause of Action:  Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO")

"The elements of a civil RICO claim are as follows:  (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property."  Living Designs, Inc. v. E.I. Dupont de Nemours and Co., 431 F.3d 353, 361 (9th Cir. 2005) (citations and internal quotation marks omitted).  "A pattern requires at least two acts of racketeering activity."  Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010) (internal quotation marks and alteration omitted) (quoting 18 U.S.C. § 1961(5)).  Here, Plaintiff does not allege a pattern, only one act.  He claims that despite physically returning the laptop, Defendant and Citibank "reported it as past due to the [credit reporting agencies] as part of a scheme to extort money from Plaintiff by threatening to ruin his credit if he did not pay debt that [Defendant] and Citibank knew to be invalid."  See Pl.'s Opp'n, at 7–8 (stating "this is precisely the type of unethical and dishonest business practices that rise to the level of racketeering that RICO was intended to curb.").  Plaintiff ultimately fails to prove an element of his civil RICO claim, specifically a pattern of at least two acts, and thus this cause of action is DISMISSED.

**D.  Leave to Amend**

To the extent "the Court deems Plaintiff's [TAC] insufficient for any reasons, he requests leave to amend in response to the issues identified by the Court." Pl.'s Opp'n, at 8.  However, this is Plaintiff's fourth iteration of the Complaint in a case that has been ongoing for over five years.  Plaintiff has filed two motions to amend his Complaints, both of which were granted.  See ECF Nos. 22, 88.  Plaintiff has not provided any explanation or indication as to what additional amendments he could make that he has not incorporated already.  Therefore, the Fourth, Fifth, Sixth, and Seventh Causes of Action will be dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 93, is GRANTED in part and DENIED in part.  Plaintiff's Fourth, Fifth, Sixth, and Seventh Causes of Action are DISMISSED without leave to amend as to Defendant only.  Defendant's Motion is DENIED as to the First, Second, and Third Causes of Action.

IT IS SO ORDERED.

Dated:  October 25, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE