UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSBERT AYENI-AARONS,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY CREDIT SERVICES/CBNA, et al.,<br><br>Defendants. | No. 2:18-cv-01625-DC-CSK<br><br>ORDER DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE |

On March 20, 2025, the court issued an order directing Plaintiff to show cause, within seven days, "why this action should not be dismissed due to Plaintiff's failure to prosecute and failure to comply with a court order." (Doc. No. 106.) Plaintiff's deadline to respond to that order has now passed, and Plaintiff has not filed a response or a request for an extension of time in which to do so.

In light of Plaintiff's failure to timely respond to the order to show cause and his failure to comply with the court's March 5, 2025 order directing Plaintiff to file a response to Defendant Experian Information Solutions, Inc.'s motion for a status conference (Doc. No. 105), it appears that Plaintiff no longer wishes to prosecute this action but rather has abandoned the litigation.

In determining whether to dismiss a case for lack of prosecution, courts consider the follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

1

disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

In addition, the Local Rules of this court provide that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to Defendants all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. However, Plaintiff's failure to prosecute this action makes disposition on the merits an impossibility. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures. The issuance of yet another order to show cause would be futile under the circumstances presented.

Accordingly, this action will be dismissed due to Plaintiff's failure to prosecute and failure to comply with the court's orders.

For the reasons set forth above,

1. This action is DISMISSED, without prejudice, due to Plaintiff's failure to respond to the March 20, 2025 order to show cause (Doc. No. 106), failure to prosecute this action, and failure to comply with the court's orders; and

/////
/////
/////
/////

2.     The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 3, 2025**  

Dena Coggins
United States District Judge